

**Main Brooklyn Office**
1602 McDonald Avenue, Brooklyn, NY 11230

**Phone:** (718) 384-2323 ● **Fax:** (718) 384-2555 ● **E-Mail:** natraj@turturrolawpc.com ● www.turturrolawpc.com

Matthew J. Turturro, Esq. (Managing Partner)
*Natraj S. Bhushan, Esq. (Partner)
Paulina Bellantonio, Esq. (Associate)
Anthony A. Nozzolillo, Esq. (Of Counsel)
*Admitted in NY and NJ

**August 24, 2022**

<u>Via ECF</u>
Hon. Jesse Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY

RE:     <u>1:21-cv-11127- Anthony Burt v. City of New York</u>
*Status Update-Suggestion of Death of Plaintiff/ Letter Motion Requesting to Stay Deadlines*

Dear Judge Furman,

    This office is counsel to the plaintiff Anthony Burt in this matter. In an effort to apprise the court of an unfortunate status update as to why the mediation was not held in this case and why a stay is now being requested, the undersigned respectfully submits this letter motion. In short, after being unable to get in touch with my client to prep for the parties' scheduled mediation in May 2022, I learned through defense counsel and, subsequently through a note from counsel for plaintiff in an unrelated matter pending in Supreme Court, Kings County, that Anthony Burt may have passed away earlier this year.

    Despite efforts to obtain confirmation of Mr. Burt's actual death, we are not in possession of any death certificate, however, we did come across a funeral notice concerning the death of a certain Anthony Burt whose biographical description aligns with information we have on file for Mr. Burth. No picture accompanied this funeral notice so I could not verify if the two parties are concern the same individual. Nonetheless, on the foregoing basis, we believe it is appropriate to apprise the Court of the suggestion of Mr. Burt's death.

    Moreover, we are unaware of any family or relatives who are seeking to be appointed as an administrator of his estate and, we have not been contacted by any such representatives who independently confirmed his death. Because the act of filing a statement/suggestion of death on

the record has the potential to have a dispositive impact on the underlying litigation, we respectfully request that this suggestion of death should not trigger the 90-day clock set forth in Rule 25 of the Federal Rules of Civil Procedure.

      Separately, we respectfully request that all other deadlines in this case be stayed until we can confirm the Plaintiff's death. As the parties already exchanged document discovery under the Court's 1983 plan, it is averred that neither side is prejudiced by this stay request.

      This is first request for the relief sought herein.

Respectfully submitted,
**TURTURRO LAW, P.C**
By: <u>Natraj S Bhushan</u>

To (via ECF): all counsel of record.

Application GRANTED. Unless and until the Court says otherwise, the case is stayed for 60 days from the date of this Order. Plaintiff's counsel is directed to file a status update by **October 24, 2022**. The pre-trial conference schedule for October 6, 2022, is adjourned *sine die*. The Clerk of Court is directed to terminate ECF No. 14. SO ORDERED.

August 24, 2022